

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC00769 |
| Plaintiff/Petitioner:<br>CATHERINE LONG<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOSEPH SAUTER<br>3415 HAMPTON AVENUE<br>ST. LOUIS, MO  631391911 |
| Defendant/Respondent:<br> LIBERTY MUTUAL FIRE INSURANCE CO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Breach of Contract | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  LIBERTY MUTUAL FIRE INSURANCE CO
                    Alias:

**DIRECTOR**
**MISSOURI DIVISION OF INSURANCE**
**301 WEST HIGH STREET**
**JEFFERSON CITY, MO  65101**

**COLE COUNTY, MO**

*COURT SEAL OF*

*CITY OF ST LOUIS*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

**July 27, 2020**
_____        _____
          Date                                          Clerk
                                        *Thomas Kloeppinger* (signature)

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
*(Seal)*
My commission expires: _____   _____
                          Date                               Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $     10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>REX M BURLISON | Case Number: 2022-CC00769 | |
|---|---|---|
| Plaintiff/Petitioner:<br>CATHERINE LONG<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MATTHEW JOSEPH SAUTER<br>3415 HAMPTON AVENUE<br>ST. LOUIS, MO  631391911 | **RECEIVED**<br>AUG 03 2020<br>COLE COUNTY<br>SHERIFF'S OFFICE |
| Defendant/Respondent:<br>LIBERTY MUTUAL FIRE INSURANCE CO | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | (Date File Stamp) |
| Nature of Suit:<br>CC Breach of Contract | | |

## Summons in Civil Case

**The State of Missouri to:** LIBERTY MUTUAL FIRE INSURANCE CO
 Alias:

DIRECTOR
MISSOURI DIVISION OF INSURANCE
301 WEST HIGH STREET
JEFFERSON CITY, MO  65101

COURT SEAL OF

CITY OF ST LOUIS

COLE COUNTY, MO

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

July 27, 2020                                 _Thomas Kloeppinger_
_____           _____
        Date                                              Clerk

FILED
22ND JUDICIAL CIRCUIT
AUG 14 PM 7:13
CLERK'S OFFICE

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☒ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _Debra Lee_ (name) _Designee_ (title).
☐ other: _____

Served at _301 W High St Jefferson City MO 65101_ (address)
in _Cole_ (County/~~City of St. Louis~~), MO, on _08-03-2020_ (date) at _9:50 AM_ (time).

Sheriff  _[signature] Wheeler_                           By _Dep. John Strobel 81_
Printed Name of Sheriff or Server                         Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____    _____
                                 Date                         Notary Public

| Sheriff's Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | **ENTERED**<br>AUG 17 2020<br>MS |
| Non Est | $_____ | |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-4931     1 of 1     Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**IN THE CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
CITY OF ST. LOUIS**

| | |
|---|---|
| CATHERINE LONG, ) | Cause No.: |
| ) | |
| and ) | Division: |
| ) | |
| ERROLL JONES, ) | |
| ) | |
| and ) | |
| ) | |
| HEZEKIAH SMITH, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, ) | |
| Serve:  Director ) | |
|        Missouri Division of Insurance ) | |
|        301 West High Street ) | |
|        Jefferson City, MO 65101 ) | |
| ) | |
|     Defendant. ) | |

**PETITION FOR DAMAGES**

**COUNT I
Personal Injuries-Catherine Long**

COMES NOW Plaintiff Catherine Long, and for Count I of her Petition for Damages against Defendant, states as follows:

1. The accident which is the subject of this lawsuit occurred at Kingshighway and Martin Luther King Boulevard in St. Louis City on April 18, 2019.

2. At said time and place, Plaintiff had a policy of automobile insurance with Defendant, which provided uninsured motorist coverage pursuant to Missouri law.

3. At said time and place, Plaintiff was stopped in southbound traffic on

Kingshighway, when a hit-and-run vehicle made a wide turn onto Kingshighway and hit Plaintiff's vehicle.

    4.    The driver of the hit-and-run vehicle had no insurance.

    5.    The driver of the hit-and-run vehicle cannot be identified.

    6.    The accident was the direct and proximate result of the carelessness and negligence of the driver of the hit-and-run vehicle in the following respects:

    (a)    the driver failed to yield the right-of-way;
    (b)    the driver failed to keep a careful lookout;
    (c)    the driver was driving at an excessive speed;
    (d)    Defendant should have known that there was a reasonable likelihood of collision and had time thereafter to have stopped, swerved, slackened his speed, sounded a warning, slackened his speed and swerved, slackened his speed and sounded a warning, swerved and sounded a warning, but Defendant failed to do so.

    7.    As a direct and proximate result of the carelessness and negligence of the driver of the hit-and-run vehicle, Plaintiff Catherine Long sustained injuries to her neck, shoulders, and back.

    8.    As a direct and proximate result of the carelessness and negligence of the hit-and-run driver, Plaintiff incurred medical expenses in the amount of $8,145.32 and may incur further medical expenses in the future because of such injuries.

    9.    As a direct and proximate result of the carelessness and negligence of the hit-and-run driver, Plaintiff sustained permanent injury.

    10.    Plaintiff is entitled to uninsured motorist benefits under Defendant's policy.

    11.    The driver of the hit-and-run vehicle qualifies as an uninsured motorist under the policy.

    12.    Plaintiff has submitted a claim for uninsured motorist benefits and made a

demand, but Defendant has failed to make an adequate offer.

13. Defendant is in breach of its insurance contract.

WHEREFORE, Plaintiff prays for judgment against Defendant for all damages to be determined to be available under the policy, not to exceed $75,000, for interest, for costs, and for such other and further relief as the Court deems just and proper.

## COUNT II

### Catherine Long-Vexatious Refusal to Pay/Bad Faith
### (§375.420 and 375.296 R.S.Mo.)

COMES NOW Plaintiff Catherine Long, and for Count II of her Petition against Defendant, states as follows:

1. Defendant made an offer for Catherine Long's uninsured motorist claim totaling $7,500. The offer is $645.32 less than the amount of medical expenses incurred by Plaintiff Long.

2. On December 5, 2019, Plaintiff requested that Defendant pay Plaintiff $7,500, the amount which Defendant thought was due under the policy and allow Plaintiff to litigate any further damages.

3. Defendant has refused to make payment of the amount it already admitted it owes Plaintiff under the policy.

4. Defendant has not provided any explanation for why it has refused to pay what it believes it owes under the policy.

5. Defendant's offer, which is less than the medical expenses is completely inadequate.

6. Defendant's refusal to pay Plaintiff an adequate amount and also its refusal to pay

3

Plaintiff what Defendant believes it owes Plaintiff under the policy is vexatious and in bad faith under Missouri law.

7. Defendant is refusing to make payment on the $7,500 offer it has made and allow Plaintiff to litigate any additional damages because it hopes that Plaintiff will become frustrated, ultimately need the money, and thus accept the inadequate offer.

8. Defendant is not treating its insured in good faith.

9. Under Sections 375.296 and 375.420 of the <u>Missouri Revised Statutes</u>, Plaintiff is entitled to damages for vexatious refusal to pay/bad faith.

WHEREFORE, Plaintiff prays for damages for vexatious refusal to pay, for all damages recoverable under Section 375.296, for interest, penalties, and attorney fees, for costs, and for such other and further relief as the Court deems just and proper.

## **COUNT III**

### **Personal Injuries-Erroll Jones**

COMES NOW Plaintiff Erroll Jones, and for Count III of his Petition for Damages against Defendant, States as follows:

1. Plaintiff realleges and incorporates herein by reference the allegations of Counts I and II.

2. As a direct and proximate result of the carelessness and negligence of the uninsured motorist, Plaintiff sustained injuries to his neck, back, and head.

3. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff incurred medical expenses totaling $9,308.51 and may incur further medical expenses in

4

the future because of such injuries.

4. As a direct and proximate result of the carelessness and negligence of the uninsured motorist, Plaintiff sustained permanent injury.

5. Plaintiff has made demand under the uninsured motorist portion of the policy, but Defendant has refused to make an adequate offer.

6. Defendant is in breach of its insurance contract.

WHEREFORE, Plaintiff Erroll Jones prays for judgment against Defendant for all damages determined to be available under the policy, not to exceed $75,000, for interest, for costs, and for such other and further relief as the Court deems just and proper.

## COUNT IV

### Erroll Jones-Vexatious Refusal to Pay/Bad Faith
### (§375.420 and 375.296 R.S.Mo.)

COMES NOW Plaintiff Erroll Jones, and for Count IV of his Petition against Defendant, states as follows:

1. Plaintiff realleges and incorporates herein by reference the allegations of Counts I, II, and III.

2. Defendant made an offer for Mr. Jones' uninsured motorist claim totaling $7,300. The offer is $1,653 less than the amount of medical expenses incurred by Plaintiff Jones.

3. On December 5, 2019, Plaintiff requested that Defendant pay Plaintiff $7,300, the amount which Defendant thought was due under the policy and allow Plaintiff to litigate any further damages.

4. Defendant has refused to make payment of the amount it already admitted it owes

5

Plaintiff under the policy.

5. Defendant has not provided any explanation for why it has refused to pay what it believes it owes under the policy.

6. Defendant's offer, which is significantly less than the medical expenses, is completely inadequate.

7. Defendant's refusal to pay Plaintiff an adequate amount and also its refusal to pay Plaintiff what Defendant believes it owes Plaintiff under the policy is vexatious and in bad faith under Missouri law.

8. Defendant is refusing to make payment on the $7,300 offer it has made and allow Plaintiff to litigate any additional damages because it hopes that Plaintiff will become frustrated, ultimately need the money, and thus accept the inadequate offer.

9. Defendant is not treating its insured in good faith.

10. Under Sections 375.296 and 375.420 of the <u>Missouri Revised Statutes</u>, Plaintiff is entitled to damages for vexatious refusal to pay/bad faith.

WHEREFORE, Plaintiff prays for damages for vexatious refusal to pay, for all damages recoverable under Section 375.296, for interest, penalties, and attorney fees, for costs, and for such other and further relief as the Court deems just and proper.

## COUNT V

### Personal Injuries-Hezekiah Smith

COMES NOW Plaintiff Hezekiah Smith, and for Count V of his Petition for Damages against Defendant, states as follows:

1. Plaintiff realleges and incorporates herein by reference the allegations of Counts I, II, III, and IV.

2. As a direct and proximate result of the carelessness and negligence of the uninsured motorist, Plaintiff sustained injuries to his neck and back.

3. As a direct and proximate result of the carelessness and negligence of the uninsured motorist, Plaintiff incurred medical expenses totaling $5,861.25.

4. As a direct and proximate result of the carelessness and negligence of the uninsured motorist, Plaintiff sustained wage loss in the amount of $500.

5. As a direct and proximate result of the carelessness and negligence of the uninsured motorist, Plaintiff has sustained serious and permanent injury to his spine.

6. Plaintiff has made demand on Defendant for payment under the uninsured motorist coverage of the policy, but Defendant has failed and refused to make an adequate offer.

7. Defendant is in breach of contract.

WHEREFORE, Plaintiff Hezekiah Smith prays for judgment against Defendant for all damages determined to be recoverable under the policy, not to exceed $75,000, for costs, for interest, and for such other and further relief as the Court deems just and proper.

## COUNT VI

### Hezekiah Smith-Vexatious Refusal to Pay/Bad Faith
### (§375.420 and 375.296 R.S.Mo.)

COMES NOW Plaintiff Hezekiah Smith, and for Count VI of his Petition for Damages against Defendant, states as follows:

1. Plaintiff Hezekiah Smith realleges and incorporates herein by reference the

allegations of Counts I, II, III, IV, and V.

2.Defendant made an offer for Mr. Smith's uninsured motorist claim totaling $6,485.31. The offer only covers the medical expenses and lost wages incurred by Plaintiff Smith.

3.On December 5, 2019, Plaintiff requested that Defendant pay Plaintiff $6,481.31, the amount which Defendant thought was due under the policy and allow Plaintiff to litigate any further damages.

4.Defendant has refused to make payment of the amount it already admitted it owes Plaintiff under the policy.

5.Defendant has not provided any explanation for why it has refused to pay what it believes it owes under the policy.

6.Defendant's offer, which is less than the medical expenses, is completely inadequate.

7.Defendant's refusal to pay Plaintiff an adequate amount and also its refusal to pay Plaintiff what Defendant believes it owes Plaintiff under the policy is vexatious and in bad faith under Missouri law.

8.Defendant is refusing to make payment on the $6,485.31 offer it has made and allow Plaintiff to litigate any additional damages because it hopes that Plaintiff will become frustrated, ultimately need the money, and thus accept the inadequate offer.

8.Defendant is not treating its insured in good faith.

9.Under Sections 375.296 and 375.420 of the Missouri Revised Statutes, Plaintiff is entitled to damages for vexatious refusal to pay/bad faith.

WHEREFORE, Plaintiff prays for damages for vexatious refusal to pay, for all damages recoverable under Section 375.296, for interest, penalties, and attorney fees, for costs, and for such other and further relief as the Court deems just and proper.

**SAUTER • SULLIVAN • LLC**

By:/s/Matthew J. Sauter
  Matthew J. Sauter, #40645
  Attorney for Plaintiff
  3415 Hampton Avenue
  St. Louis, MO 63139
  Telephone: (314) 768-6800
  Facsimile: (314) 781-2726
  E-mail: msauter@ss-law.net

9