**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| CATHERINE LONG, et al.,    ) | |
| ) | |
| Plaintiffs,    ) | |
| ) | |
| v.    ) | Case No. 4:20 CV 1193 SPM |
| ) | |
| LIBERTY MUTUAL INSURANCE    ) | |
| COMPANY,    ) | |
| ) | |
| Defendant.    ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand. (Doc. 10.) Defendant Liberty Mutual Insurance Company has advised the Court that it does not oppose the motion. This matter is pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiffs filed this action against Defendant in the Circuit Court of the Twenty-Second Judicial Circuit in the City of St. Louis, alleging breach of contract and vexatious refusal to pay uninsured motorist benefits to which Plaintiffs were entitled pursuant to an insurance policy. Defendant removed this action from state court, alleging the Court has original jurisdiction based on 28 U.S.C. § 1332(a). Plaintiffs filed the present motion to remand, arguing that the amount in controversy fails to meet the standard for federal subject matter jurisdiction. In support of their motion, each Plaintiff filed an affidavit agreeing that "the total amount of all damages (including but not limited to insurance benefits, vexatious refusal penalties and attorneys' fees) claimed and sought in the lawsuit against Liberty Mutual is, and always will be, less than $75,000 exclusive of interests and costs." (Doc. 10, Exhs 1-3.)

For the Court to have original jurisdiction in this matter, the amount in controversy must exceed $75,000 and there must be diversity of citizenship among the parties. 28 U.S.C. § 1332(a). The district court has previously held that "[a]llowing a plaintiff to unequivocally establish his or her damages as no greater than $75,000 through use of an affidavit (or other binding declaration) is entirely consistent with the congressional purpose underlying the amount in controversy requirement" to keep the diversity caseload of the federal courts under some modicum of control. *Walsh v. J.B. Hunt Transport, Inc.*, 20 F.Supp.2d 1300, 1301 (E.D. Mo. 1998) (citing *Valhal Corp. v. Sullivan Assocs., Inc.*, 44 F.3d 195, 209 (3d Cir. 1995)). Plaintiffs have established via affidavit that their damages claimed and sought are less than $75,000. Therefore, the Court finds that Defendant cannot meet its burden to show that the amount in controversy exceeds $75,000 and this action must be remanded for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**. (Doc. 10.)

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri pursuant to 28 U.S.C. § 1447(c).

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of October, 2020.